IN THE UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

Civil Action No. 1:18-CV-

STACY DODD, SR,

    Plaintiff,

v.

GEICO GENERAL INSURANCE COMPANY

    Defendant.

## COMPLAINT

COMES NOW, Plaintiff STACY DODD, SR., by and through his attorneys, Collin J. Earl and Ryan T. Earl of EARL & EARL PLLC, hereby submits his Complaint against Defendant, Geico General Insurance Company and aver as follows:

### IDENTIFICATION OF PARTIES

1. At all times relevant Plaintiff, Stacy Dodd, Sr., is a resident of the State of Colorado.

2. Defendant Geico General Insurance Company (hereinafter referred to as Defendant Geico) at all times relevant, is believed to be a foreign corporation licensed to conduct business in the State of Colorado.

3. The Insurance Contract between Plaintiff and Defendant was entered into in the State of Colorado.

## JURISDICTION AND VENUE

4. Plaintiff incorporates herein by reference the relevant and needed allegations set forth with specificity in all preceding paragraphs of this Civil Complaint as if set forth *verbatim*.

5. Article VI, Section 9 of the Constitution of the State of Colorado provides that the District Court shall be the trial court of with general jurisdiction and shall have original jurisdiction of all civil, probate and criminal cases, except as otherwise provided by statute and shall have such jurisdiction as may be prescribed by law.

6. Venue and jurisdiction based on the filing of the Complaint is proper in the United States District Court for the District of Colorado pursuant to 28 U.S. Code 1332.

## FACTUAL ALLEGATIONS

7. Plaintiff incorporates herein by reference the relevant and needed allegations set forth with specificity in all preceding paragraphs of this Civil Complaint as if set forth *verbatim*.

8. The incident, giving rise to this action occurred in City of Colorado Springs, County of El Paso, State of Colorado, on October 26, 2014, while Plaintiff, Stacy Dodd, Sr. was the properly restrained passenger of a 1996 Plymouth Grand Voyager that was negligently turned into when the tortfeasor Shawn Roddy, made an illegal U-turn on a red light and collided with Mr. Dodd.

9. The tortfeasor was insured by USAA, and claims for the bodily injury portion of the claim were resolved with permission from Defendant GEICO.

10. A copy of the traffic accident report is attached hereto as **Exhibit 1**.

11. Mr. Dodd has an Under Insured Motorist (hereinafter UIM) policy with GEICO which was in force and effect at the time of the motor vehicle accident.

12. The GEICO policy provides UIM benefits of $300,000.00 per person/$300,000.00 per accident. See **Exhibit 2**.

13. Plaintiff has been unable to reach an agreement with GEICO regarding the amount of damages.

14. As a result of the motor vehicle accident, Plaintiff has sustained serious personal injuries.

15. As a further direct and proximate result of the motor vehicle accident, Plaintiff has sustained past and future non-economic losses, including, but not limited to: pain and suffering, inconvenience, loss of enjoyment of life, emotional distress; past and future economic losses including medical and rehabilitation expenses, vocational rehabilitation expenses, impairment of earning capacity, loss of time, and lost wages; and past and future physical impairments.

16. Further, Plaintiff Mr. Dodd has incurred over $53,360 in past medical expenses and lost wages. Mr. Dodd is still receiving medical treatment and will incur future medical and rehabilitation expenses.

17. Defendant has refused tender the limits of their policy and refuses to explain how they came to their conclusions. Therefore, Plaintiff has been forced to file this lawsuit, and thereby dilute his UIM benefits in order to seek full compensation for his injuries that he suffered as a result of the motor vehicle accident.

18. Under Colorado Law, "A first-party claimant...whose claim for payment of benefits has been unreasonable delayed or denied may bring an action in district court to recover reasonable attorney fees and court costs and two times the covered benefit". *Colo. Rev. Stat.* §10-3-1116.

19. Defendant GEICO has unreasonably breached its insurance contract and has denied

Plaintiff's claims.

## FIRST CLAIM FOR RELIEF
*Breach of Contract by Defendant*

20. Plaintiff re-alleges all previous allegations and statements of this Complaint and hereby incorporates all preceding allegations and statements as if fully set forth herein.

21. Plaintiff Stacy Dodd, Sr. is named insured on a contract of insurance between GEICO and Plaintiff.

22. Plaintiff is a beneficiary of the contract of insurance between Plaintiff and GEICO.

23. GEICO has refused to provide Plaintiff with certain UIM benefits pursuant to the contract of insurance.

24. As a result of Defendant GEICO'S breach of its contract with Plaintiff, Plaintiff has suffered the aforementioned damages, including, without limitation, non-payment of UIM limits for Plaintiff; statutory interest on Plaintiff's UIM benefits from the date of the accident to present; statutory interest over UIM limits; reasonable costs; reasonable attorney's fees; and other economic losses resulting from their unpaid UIM benefits that was required to be paid under the UIM provisions of their UIM auto insurance policy.

## SECOND CLAIM FOR RELIEF
*Unreasonable Breach of Contract by*

25. Plaintiff re-alleges all previous allegations and statements of this Complaint and hereby incorporates all preceding allegations and statements as if fully set forth herein.

26. An insurance company owes to those it insures the duty of good faith and fair dealing. That duty is breached if the company unreasonably delays or denies payment of the UIM benefits or engages in unreasonable conduct or assumes an unreasonable position regarding payments of

UIM benefits.

27. "If an insurer lacks a 'reasonable basis' to deny a claim, the claim is not 'fairly debatable.'" *Geiger v. American Std. Ins. Co.*, 192 P.3d 480 (Colo. App. 2008).

28. Defendant GEICO owed duties to Plaintiff under the policy's implied covenant of good faith and fair dealing, including the duty to investigate and adjust Plaintiff's entitlement to UIM benefits in good faith.

29. GEICO'S policy of insurance includes an implied covenant of good faith and fair dealing requiring that GEICO would, in good faith and in the exercise of fair dealing, deal with Plaintiff fairly and honestly; faithfully perform its duty of representation; and do nothing negligent or willful to impair, interfere with, hinder, or potentially injure their rights to receive UIM benefits of the GEICO policy.

30. GEICO'S failure to act in good faith (not the condition of non-payment) leads to tort liability. *Farmers Group, Inc. v. Trimble,* 691 P.2d 1138 (Colo. 1984). *(See also Colo. Rev. Stat.* §10-3-1116, "A first-party claimant...whose claim for payment of benefits has been unreasonable delayed or denied may bring an action in district court to recover reasonable attorney fees and court costs and two times the covered benefit.") Thus, GEICO'S continued bad faith denial of UIM benefits established Plaintiff's rights to recover under §10-3-1116(1).

31. Plaintiff also suffered non-economic damages, including emotional distress arising out of GEICO'S unreasonable breach of insurance contract. See *Goodson v. American Standard*, 89 P.3d 409, 412 (Colo. 2004) (holding that "in a tort claim against an insurer for breach of the duty of good faith and fair dealing, the Plaintiffs may recover damages for emotional distress without proving substantial property or economic loss.")

32. The following unreasonable conduct by GEICO violates the Unfair Claims

Practices Act - C.R.S. §10-3-1101 et seq. and caused damages, injuries, and losses to Plaintiff, including, but not limited to the following:

  A. Misrepresenting pertinent facts or insurance policy provisions relating to coverages at issue;

  B. Failing to acknowledge and act reasonably promptly upon communications with respect to claims arising under insurance policies;

  C. Failing to adopt and implement reasonable standards for the prompt investigation of claims arising under insurance policies;

  D. Not attempting in good faith to effectuate prompt, fair, and equitable settlements of claims in which liability has become reasonably clear;

  E. Compelling insureds to institute litigation to recover amounts due under an insurance policy by offering substantially less than the amounts ultimately recovered in actions brought by such insureds;

  F. Refusing to pay claims without conducting a reasonable investigation based upon all available information;

  G. Failing to promptly provide a reasonable explanation in relation to the facts or applicable law for denial of a claim or for the offer of a compromise settlement; and/or

  H. Issuing, soliciting, or using an automobile policy form, endorsement, or notice form that does not comply with statutory mandates.

33. Plaintiff submitted reasonable proof of injuries, damages, and losses, including his likely future medical and rehabilitation bills and past medical and rehabilitation bills incurred,

to GEICO.

34. GEICO failed to perform its obligations pursuant to the insurance contract and has willfully and negligently and unreasonably delayed their investigation and, willfully and negligently and unreasonably made decisions adversely affecting Plaintiff.

35. By denying and/or delaying payment of his entitlement to their UIM benefits, GEICO has acted unreasonably. GEICO'S conduct alleged herein was purposeful and calculated.

36. Defendant had to have realized that the decision to deny or delay UIM benefits was in direct contravention of their obligations under Plaintiff's insurance contract with Defendant. The denial and/or delays in payment of UIM benefits was done recklessly and with knowledge, either actual or constructive, of the destruction, hassle, and emotional distress that the bad faith denial and/or delays would have on Plaintiff.

41. These wanton and reckless acts or omissions by GEICO were committed with knowledge and intent and were not contemplated to be in the best interest or within the legal rights of the insured.

42. Further, Defendant GEICO'S policy is against public policy because it forces the insured to litigate by not allowing the insured to choose arbitration, and allows GEICO to collect interest on Plaintiff's UIM benefits, and therefore, it dilutes the insured's benefits under GEICO'S UIM insurance policy.

43. Further, GEICO breached its duty of good faith and fair dealing because it unreasonably denied and/or delayed payment of their UIM benefits and GEICO knew that the delay or denial was unreasonable or recklessly disregarded whether its position was unreasonable.

44. As a result of GEICO'S unreasonable breach of its insurance contract with Plaintiff, Plaintiff has suffered the aforementioned damages, including without limitation, non-payment of

UIM limits; economic and non-economic damages including emotional distress caused by GEICO'S unreasonable breach of contract; statutory interest on his UIM benefits from the date of the accident to present; statutory interest over their UIM limits; reasonable costs; reasonable attorney's fees; and two times the covered benefits.

**WHEREFORE**, Plaintiff request judgment against Defendant for compensatory and special damages; pre-judgment and post-judgment interest as prescribed by law; costs of this case including expert witness fees, court costs, deposition costs, attorney's fees, and all other costs permitted in accordance with the recognized laws of civil procedure, and such other and further relief as the Court deems just and proper.

Respectfully submitted this 16th day of April 2018

/s/Collin J. Earl, Esq.
Collin J. Earl, Esq., # 41808
Ryan T. Earl, Esq., # 45910
EARL & EARL PLLC
1259 Lake Plaza Drive, Ste. 230
Colorado Springs, CO 80906
Telephone (719) 900-2500
collin@earlandearl.com

Plaintiff' Address:
C/O Earl & Earl, PLLC
1259 Lake Plaza Drive, Ste. 230
Colorado Springs, CO 80906